UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER BLUEEARTH,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>VIMAL J. SINGH, Warden,<br><br>　　　　　Respondent. | Case No. CV 12-89-SP<br><br>MEMORANDUM OPINION AND ORDER |

## I.

## **INTRODUCTION**

On January 5, 2012, petitioner Roger Blueearth filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), challenging his 2009 conviction for second degree robbery in the Los Angeles County Superior Court. Petitioner claims that his counsel was ineffective and there was insufficient evidence to convict him.

On August 17, 2012, respondent filed an Answer to the Petition. Petitioner filed a Reply on August 30, 2012.

Both petitioner and respondent consented to proceed for all purposes before

1

the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  With the parties' briefing complete, the matter is now ready for decision.

For the reasons discussed below, petitioner's claims lack merit. Accordingly, the Petition will be denied with prejudice.

## II.
## STATEMENT OF FACTS[1]

[O]n May 29, 2009, [petitioner], who had suffered a prior theft-related conviction, stole a $60 circuit breaker from a Home Depot store in Los Angeles (count 2).  Junior Barrillas, a loss prevention officer for the store, confronted [petitioner] outside the store to recover the stolen item.  [Petitioner] used force on Barrillas in an unsuccessful effort to escape (count 1).

## III.
## PROCEEDINGS

On August 31, 2009, following a jury trial, petitioner was convicted of second degree robbery (Cal. Penal Code § 211) and petty theft with a prior conviction (Cal. Penal Code § 666).  Petition at 2; Clerk's Transcript ("CT") at 81. The trial court also found that petitioner had a prior felony conviction.  Petition at 2; CT at 81.  On November 6, 2009, the trial court sentenced petitioner to a total term of four years, three years for the robbery and one year for the prior conviction enhancement, with the sentence on the petty theft with a prior conviction stayed. CT at 81.

Petitioner, represented by counsel, appealed his conviction.  Petitioner raised two arguments:  (1) convictions for both robbery and petty theft, a lesser

---

[1] Except as noted, the facts set forth are drawn verbatim from the California Court of Appeal's decision on direct appeal.  *See* Federal Petition for Writ of Habeas Corpus Separate Legal Brief Argument/Memorandum ("Pet. Mem."), Exh. A-1.  Such statement of facts is presumed correct.  28 U.S.C. § 2254(e)(1); *Vasquez v. Kirkland*, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009).

included offense, were impermissible; and (2) the court imposed improper fines and the record included clerical errors regarding the fines. Lodged Doc. 3. The California Court of Appeal affirmed the judgment in part. Pet. Mem., Exh. A-1. The California Court of Appeal reversed petitioner's conviction on count two on the ground that petty theft is a lesser included offense of robbery and therefore petitioner could not be convicted of both. *Id.* The California Court of Appeal also vacated or modified some of the fines imposed on petitioner. *Id.*

On March 8, 2011, petitioner filed a habeas petition in the California Supreme Court. Pet. Mem., Exh. A-2. Petitioner presented two arguments: (1) ineffective assistance of counsel; and (2) insufficient evidence. *Id*. The California Supreme Court summarily denied the habeas petition on September 14, 2011. Pet. Mem., Exh. A-3.

## IV.

## **STANDARD OF REVIEW**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides that federal habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2) (emphasis added).

In assessing whether a state court "unreasonably applied" Supreme Court law or "unreasonably determined" the facts, the federal court looks to the last reasoned state court decision as the basis for the state court's justification.

*Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). With respect to those claims for which there is no reasoned state court decision, the federal habeas court will conduct an "independent review" of the record to determine whether the state court decision was contrary to, or an unreasonable application of, controlling United States Supreme Court precedent. *See Haney v. Adams*, 641 F.3d 1168, 1171 (9th Cir. 2011); *Allen v. Ornoski*, 435 F.3d 946, 954-55 (9th Cir. 2006). Even in the absence of a prior reasoned decision, § 2254(d)'s limitations on granting habeas relief remain. *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief."). Because no state court issued a reasoned decision on either ground, this court will conduct an independent review of the record to determine whether the state court decision was objectively unreasonable as to each of those other grounds. *See also Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997) (the proper standard of review for sufficiency of the evidence claims is an independent review).

V.

**DISCUSSION**

**A.    Petitioner Is Not Entitled to Relief on His Ineffective Assistance of Counsel Claim**

In Ground One, petitioner complains that his trial counsel rendered ineffective assistance. Pet. Mem. at 3-6. Specifically, petitioner claims that his counsel failed to investigate a possible defense, the existence of a Home Depot surveillance tape, which she learned about at the June 16, 2009 preliminary hearing. Pet. Mem. at 4-5, Exh. A-4. Neither the prosecution nor petitioner's counsel introduced the surveillance tape into evidence. Petitioner's claim is without merit.

The Sixth Amendment guarantees a right to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish an ineffective assistance of counsel claim, a petitioner must establish: (1) counsel's performance fell below an "objective standard of reasonableness" under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.* at 687. "The inquiry under *Strickland* is highly deferential and 'every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Greenway v. Schriro,* 653 F.3d 790, 802 (9th Cir. 2011) (quoting *Strickland*, 466 U.S. at 689); *see also Earp v. Cullen*, 623 F.3d 1065, 1074 (9th Cir. 2010).

Regarding the first prong, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As for the second prong, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different. *Id.* at 694; *Towery v. Schriro*, 641 F.3d 300, 315 (9th Cir. 2010). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (quoting *Strickland*, 466 U.S. at 694). The focus of the prejudice inquiry is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993).

"[C]ounsel has a duty to make reasonable investigations" and "a particular decision not to investigate must be directly assessed for reasonableness." *Strickland*, 466 U.S. at 691. But here, other than petitioner's conclusory allegations, petitioner presents no evidence that his counsel failed to investigate the surveillance tapes. *See Sandgathe v. Maass*, 314 F.3d 371, 379 (9th Cir. 2002)

1  (rejecting ineffective assistance of counsel claims when petitioner presented no
2  evidence to support his allegations).  Petitioner neither provides a declaration from
3  his counsel nor from Home Depot regarding whether anyone requested or viewed
4  the surveillance tapes.

5      Thus, absent evidence to the contrary, trial counsel presumably investigated
6  the surveillance tapes and made a strategic decision not to introduce them into the
7  evidence. "[S]trategic choices made after thorough investigation of law and facts
8  relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S.
9  at 690. "Counsel [is] entitled to formulate a strategy that was reasonable at the
10 time." *Richter*, 131 S. Ct. at 789.  Trial counsel may have reasonably determined
11 that the surveillance tapes were not helpful to the defense.

12     Accordingly, petitioner cannot establish the first prong of the *Strickland*
13 test.  As such, the California Supreme Court's denial was not contrary to clearly
14 established federal law, nor was it based on an unreasonable determination of the
15 facts.  Petitioner is therefore not entitled to relief on his ineffective assistance of
16 counsel claim.

17 **B.**     **Petitioner Is Not Entitled to Relief on His Sufficiency of Evidence Claim**

18     Petitioner claims that there was insufficient evidence to convict him of
19 robbery.  Pet. Mem. at 6-7.  Specifically, petitioner asserts that the prosecution
20 failed to introduce physical evidence and that his actions were in self-defense. *Id.*
21 Petitioner's claim does not warrant relief.

22     In *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S. Ct. 2781, 61 L. Ed. 2d 560
23 (1979), the United States Supreme Court held that federal habeas corpus relief is
24 not available to a petitioner who claims that the evidence was insufficient to
25 support his conviction unless he can show that, viewing the record in a light most
26 favorable to the prosecution, "no rational trier of fact could have found proof of
27 guilt beyond a reasonable doubt."  In evaluating such claims, the court must
28

presume, even if it does not affirmatively appear in the record, that the jury resolved any conflicting inferences in favor of the prosecution. *Wright v. West*, 505 U.S. 277, 296-97, 112 S. Ct. 2482, 120 L. Ed. 2d 225 (1992) (citing *Jackson*, 443 U.S. at 326). The court will not re-weigh evidence, reassess witness credibility, or resolve evidentiary conflicts on habeas review; that is the province of the jury. *See Bruce v. Terhune*, 376 F.3d 950, 957 (9th Cir. 2004) ("A jury's credibility determinations are . . . entitled to near-total deference under *Jackson*.") (citing *Schlup v. Delo*, 513 U.S. 298, 330, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)); *Walters v. Maass,* 45 F.3d 1355, 1358 (9th Cir. 1995). The court reviews the state court's decision "with an additional layer of deference," granting relief only when the state court's judgment was contrary to, or an unreasonable application of, the *Jackson* standard. *Juan H. v. Allen*, 408 F.3d 1262, 1274-75 (9th Cir. 2005); *see also Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011) (the AEDPA and *Jackson* standard pose a "double dose of deference that can rarely be surmounted" ).

     In applying the *Jackson* standard, the court looks to state law to determine what evidence is needed to support a conviction of the crime charged. *Jackson*, 443 U.S. at 324 n.16; *Juan H.*, 408 F.3d at 1278 n.14. To sustain a robbery conviction under California law, the prosecution must prove a defendant: (1) took personal property in the possession of another; (2) against the will and from the person or immediate presence of that person; and (3) accomplished the taking by means of force or fear. Cal. Penal Code § 211. A second degree robbery is any robbery not listed in California Penal Code §§ 212.5(a)-(b). Cal. Penal Code § 212.5(c).

     Petitioner here first argues that there was insufficient evidence to prove all of the elements of second degree robbery because the prosecution did not present any physical evidence. Pet. Mem. at 6. But circumstantial evidence and

7

inferences drawn from it may be sufficient to sustain a conviction. *United States v. Bennett*, 621 F.3d 1131, 1139 (9th Cir. 2010) (internal citation and quotations omitted). "[T]he fact that no physical evidence is presented in support of a criminal conviction does not, by itself, render the evidence insufficient per se." *United States v. Lindsey*, 634 F.3d 541, 552 (9th Cir. 2011).

Here, Junior Barrillas, a Home Deport loss prevention officer, testified that his job duties included walking around Home Deport in plain clothes to observe whether customers were engaging in thefts. Lodged Doc. No. 2 (Reporter's Transcript ("RT")) at 49-50. Barrillas testified that on May 29, 2009, he observed petitioner cover a non-functioning security camera, grab a circuit breaker, and place the circuit breaker into his backpack. *Id.* at 51-52. Barrillas then observed petitioner proceed out of the main exit without paying for the circuit breaker. *Id.* at 54-55. Barillas stated that he approached petitioner outside the store, identified himself, and instructed petitioner to come with him. *Id.* at 55-56. Because petitioner began to push Barillas and the security guards, Barillas decided that petitioner needed to be handcuffed. *Id.* at 56-57. While security attempted to detain petitioner, petitioner struck Barillas on the shoulder with his fist and kicked his left knee twice. *Id.* at 57-58.

Barrillas's testimony established each element of the crime. By convicting petitioner, the jury clearly believed Barrilla's testimony over petitioner's account. The court may not reassess Barrillas's credibility or reweigh the evidence. *Bruce*, 376 F.3d at 957.

Moreover, the physical evidence petitioner argues that the prosecution should have produced would not have helped him or did not exist. Petitioner argues that evidence such as an invoice record, invoice receipt, or the allegedly taken item was necessary to convict. Pet. Mem. at 6-7. But introducing the stolen circuit breaker into evidence was not necessary as Barillas's testimony established

that petitioner had taken a circuit breaker out of the store without paying for it. *See* RT at 54-55. And an invoice record or receipt would only have been available had petitioner lawfully purchased the item.

Petitioner also claims that someone assaulted him first and his actions were taken in self-defense. Pet. Mem. at 7. At trial, petitioner testified that a Home Deport employee attacked and tased him. RT at 91-94. Again, after hearing the testimony of both Barrillas and petitioner, the jury apparently determined that Barrillas was more credible. The court will not reassess the jury's credibility determination.

In sum, there was sufficient evidence for a rational trier of fact to determine beyond a reasonable doubt that petitioner committed second degree robbery. Certainly the California Supreme Court's decision was not contrary federal law or based on an unreasonable determination of the facts. As such, petitioner is not entitled to relief on his insufficiency of evidence claim.

## VI.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: January 31, 2013

SHERI PYM
United States Magistrate Judge